DAVID M. BECKWITH (CSB# 125130)
McDERMOTT WILL & EMERY LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858.720.3300
Facsimile: 858.720.7800
E-Mail: dbeckwith@mwe.com

DANIEL N. CHRISTUS
AMOL A. PARIKH
McDERMOTT WILL & EMERY LLP
227 W. Monroe Street, Suite 4400
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700
E-Mail: afrankel@mwe.com

Attorneys for Plaintiff
RICHARD SIEGEL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Siegel<br><br>        Plaintiff,<br><br>v.<br><br>Avatar, LLC and Sofia Shafquat<br><br>        Defendants.<br><br>Avatar, LLC and Sofia Shafquat<br><br>        Counterclaimants,<br><br>v.<br><br>Richard Siegel<br><br>        Counterdefendant. | Case. No. 09 CV 0 827 BEN (WMc)<br><br>PLAINTIFF RICHARD SIEGEL' ANSWER TO DEFENDANTS' COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff and Counterdefendant Richard Siegel ("Siegel"), by his attorneys, McDermott Will & Emery LLP, hereby submits this answer to Defendants and Counterclaimants' Avatar,

- 1 –

LLC ("Avatar") and Sofia Shafquat ("Shafquat"), (collectively, "Counterclaimants") Counterclaim as follows:

1. Siegel admits that Defendants purport to be asserting jurisdiction pursuant to Fed. R. Civ. P. 13(a) – (f). Siegel denies that the asserted counterclaims have any legal or factual basis.

2. Siegel admits that he is a citizen of the State of Illinois and upon information and belief, admits that Counterclaimants are citizens of the State of California. Siegel denies the remaining allegations of Paragraph 2 of the Counterclaim.

3. Siegel denies the allegations of Paragraph 3 of the Counterclaim.

4. Siegel denies the allegations of Paragraph 4 of the Counterclaim.

5. Siegel denies the allegations of Paragraph 5 of the Counterclaim.

6. Siegel admits that he posted on the Internet that Counterclaimant Avatar has retained lawyers after improperly using his footage. Siegel also admits that he received an e-mail from a lawyer purportedly retained by Counterclaimant Avatar demanding that Siegel "Cease and Desist from Interference with Rights of Avatar, LLC in 911 Mysteries." Siegel denies the remaining allegations of Paragraph 6 of the Counterclaim.

7. Siegel admits that he filed a copyright infringement allegation with Google in connection with 911 Mysteries. Siegel denies that Counterclaimant Avatar has lost substantial DVD sales, revenues, and resulting profits due to 911 Mysteries being removed from Google Video and YouTube. Siegel lacks sufficient information and belief on which to base an answer as to the remaining allegations of Paragraph 7 of the Counterclaim, and therefore denies the same.

8. Siegel admits that he contacted an Austrian television station and requested 911 Mysteries should not be shown and that 911 Mysteries was a "work of fiction" and a "false documentary." Siegel lacks sufficient information and belief on which to base an answer as to the remaining allegations of Paragraph 8 of the Counterclaim, and therefore denies the same.

9. Siegel denies the allegations of Paragraph 9 of the Counterclaim.

10. Siegel denies the allegations of Paragraph 10 of the Counterclaim.

///

///

11. Siegel admits that he alleged Counterclaimant Shafquat had manipulated footage from Siegel's copyrighted work and "adding explosions" to 911 Mysteries. Siegel denies the remaining allegations of Paragraph 11 of the Counterclaim.

12. Siegel denies the allegations of Paragraph 12 of the Counterclaim.

13. Siegel denies the allegations of Paragraph 13 of the Counterclaim.

14. Siegel denies the allegations of Paragraph 14 of the Counterclaim.

## FIRST CAUSE OF ACTION

### [DEFAMATION]

15. Siegel incorporates by reference his response to Paragraphs 1-14 above.

16. Siegel admits that he made statements that Counterclaimant Shafquat had used footage from Siegel's copyrighted work without permission, Counterclaimant Shafquat had violated his rights and liberties, Counterclaimant Shafquat had retained lawyers in connection with Shafquat unauthorized use of footage from Siegel's copyrighted work, 911 Mysteries was a "false documentary", 911 Mysteries was a "work of fiction", Counterclaimant Shafquat had improperly used Siegel's copyrighted work and placed it in a false documentary, and that Counterclaimant Shafquat had manipulated Siegel's copyrighted work by adding explosions. Siegel denies the remaining allegations of Paragraph 16 of the Counterclaim.

17. Siegel denies the allegations of Paragraph 17 of the Counterclaim.

18. Siegel denies the allegations of Paragraph 18 of the Counterclaim.

19. Siegel lacks sufficient information and belief on which to base an answer as to the remaining allegations of Paragraph 19 of the Counterclaim, and therefore denies the same.

20. Siegel denies the allegations of Paragraph 20 of the Counterclaim.

21. Siegel denies the allegations of Paragraph 21 of the Counterclaim.

22. Siegel denies the allegations of Paragraph 22 of the Counterclaim.

23. Siegel denies the allegations of Paragraph 23 of the Counterclaim.

## SECOND CAUSE OF ACTION

### [INVASION OF PRIVACY]

24. Siegel incorporates by reference his response to Paragraphs 1-23 above.

25. Siegel admits the allegations of Paragraph 25 of the Counterclaim.

26. Siegel denies the allegations of Paragraph 26 of the Counterclaim.

27. Siegel denies the allegations of Paragraph 27 of the Counterclaim.

28. Siegel denies the allegations of Paragraph 28 of the Counterclaim.

29. Siegel denies the allegations of Paragraph 29 of the Counterclaim.

## THIRD CAUSE OF ACTION

## [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

30. Siegel incorporates by reference his response to Paragraphs 1-29 above.

31. Siegel admits the allegations of Paragraph 31 of the Counterclaim.

32. Siegel denies the allegations of Paragraph 32 of the Counterclaim.

33. Siegel denies the allegations of Paragraph 33 of the Counterclaim.

34. Siegel denies the allegations of Paragraph 34 of the Counterclaim.

35. Siegel denies the allegations of Paragraph 35 of the Counterclaim.

## AFFIRMATIVE DEFENSES

By alleging the matters as set forth below as Affirmative Defenses, Siegel does not thereby or admit that Siegel bears the burden of proof with respect to any of such matter. Siegel hereby asserts the following affirmative defenses to the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

## [FAILURE TO STATE A CLAIM]

36. Counterclaimants fail to state a claim against Siegel upon which relief can by granted for the First, Second, and Third Causes of Action.

## SECOND AFFIRMATIVE DEFENSE

## [UNIFORM SINGLE PUBLICATION ACT]

37. Counterclaimants' claims for the Second and Third Causes of Action are barred under the Uniform Single Publication Act.

///

///

///

- 4 -

### THIRD AFFIRMATIVE DEFENSE
### [PRIVILEGE]

38. Counterclaimants' claim for the First, Second, and Third Causes of Action are barred because even if the statements could properly be attributed to Siegel, they are privileged or protected by one or more immunities, including, but not limited to, the First and Fourteenth Amendments to the Constitution of the United States.

### FOURTH AFFIRMATIVE DEFENSE
### [TIME-BARRED]

39. Counterclaimants' claim for defamation is time-barred.

### FIFTH AFFIRMATIVE DEFENSE
### [STATEMENTS ARE NOT DEFAMATORY]

40. Counterclaimants' claim for defamation is barred because, even if the statements could properly be attributed to Siegel, they are not defamatory.

### SIXTH AFFIRMATIVE DEFENSE
### [TRUTH]

41. Counterclaimants' claim for defamation is barred because, even if the statements could properly be attributed to Siegel, they are true.

### SEVENTH AFFIRMATIVE DEFENSE
### [RIGHT TO FAIR COMMENT]

42. Counterclaimants' claim for defamation is barred because, even if the statements could properly be attributed to Siegel, they are protected expressions of opinion on matters of public interest.

### EIGHTH AFFIRMATIVE DEFENSE
### [PUNITIVE DAMAGES]

43. Counterclaimants are not entitled to punitive damages under applicable law.

///

///

///

## NINTH AFFIRMATIVE DEFENSE

### [ADDITIONAL AFFIRMATIVE DEFENSES]

44. Siegel currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. Siegel reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Siegel prays for judgment against Counterclaimants and against any of their affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

1. Counterclaimants take nothing by way of their Counterclaims;
2. Counterclaims against Siegel be dismissed with prejudice in their entirety;
3. Siegel be awarded its costs and disbursements, including reasonable attorneys' fees; and,
4. All other relief, in law or in equity, to which Siegel may be entitled, or which the Court deems just and proper.

Respectfully submitted:

McDERMOTT WILL & EMERY LLP

Dated: 9/8/09      By: _/s/ David M. Beckwith_
David M. Beckwith
McDERMOTT WILL & EMERY LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone:    858.720.3300
Facsimile:    858.720.7800
E-Mail:  dbeckwith@mwe.com
Attorney for Plaintiff Richard Siegel

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues.

Dated: 9/8/09      By: _/s/ David M. Beckwith_
David M. Beckwith
Attorney for Plaintiff Richard Siegel

CHI99 5159642-1.099729.0011

- 6 -

# PROOF OF SERVICE BY MAIL

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, California 92130-2047.

On September 8, 2009, I served the foregoing documents described as PLAINTIFF RICHARD SIEGEL'S ANSWER TO DEFENDANT'S COUNTERCLAIMS on the interested parties of record in the action by:

☐ placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows: document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

Michael T. McColloch, Esq.
McColloch & Schafer, LLP
5900 La Place Court, Suite 100
Carlsbad, CA 92008-8832

☒ **BY MAIL**

☐ I deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Firm City, Firm State in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 8, 2009, at San Diego, California.

_____
Nicole San Nicolas